IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES of AMERICA**

v.                                                                                      Case No. 2:00cr52

**ANSON DIAZ LAWRENCE,**

              **Defendant.**

## ORDER AND OPINION

Before the Court is the Motion of Anson Diaz Lawrence ("Defendant"), pro se, to Correct the Sentence Pursuant to Federal Rule of Criminal Procedure 36, filed on December 28, 2005, and a Motion to Reduce the Sentence Pursuant to 18 U.S.C. § 3582(c)(2), filed on March 2, 2006. (Docs. 19, 20.) For the reasons set forth herein, Defendant's Motion to Correct the Sentence pursuant to Federal Rule of Criminal Procedure 36 and Defendant's Motion to Reduce the Sentence Pursuant to 18 U.S.C. § 3582(c)(2), are DENIED.

### I. PROCEDURAL BACKGROUND AND FACTUAL HISTORY

On February 11, 1999, Defendant was arrested and charged with drug and traffic-related charges in the Chesapeake Circuit Court. He was convicted in the state court on his traffic charges as a Habitual Offender on January 14, 2000, and was sentenced to five years incarceration with four years suspended. His drug charges were nolle prossed in favor of federal prosecution. On March 22, 2000, a federal grand jury handed down the instant Indictment, charging Defendant with Possession With Intent to Distribute approximately 53.9 grams of

cocaine base, commonly known as "crack" cocaine, in violation of 21 U.S.C. § 841.  On July 26, 2000, Defendant entered a guilty plea, and, on November 1, 2000, Defendant was sentenced by this Court to two hundred fifty-five (255) months imprisonment and five (5) years supervised release.  (Docs. 14,17.)

## II. MOTION TO CORRECT SENTENCE PURSUANT TO RULE 36

Defendant requests the Court to amend his sentence pursuant to Federal Rule of Criminal Procedure 36 ("Rule 36"), to give him credit for time he allegedly served in state custody from January 24, 2000, to October 25, 2000, for his Habitual Offender conviction in Chesapeake, Virginia.  Rule 36 governs clerical mistakes and provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  Fed. R. Crim. Proc. 36.

The purpose of the rule is to carry out the "intention of the sentencing judge as this may be gathered from what he said at the time of sentencing."  United States v. Morse, 344 F.2d 27, 30 (4th Cir. 1965).  Rule 36 is limited to correcting clerical errors, and "cannot be used . . . to make a substantive alteration to a criminal sentence."  United States v. Pease, 331 F.3d 809, 812 (11th Cir. 2003); see also United States v. Hamby, 2000 U.S. App. LEXIS 11604 (4th Cir. 2000) (unpublished) (citing United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995)).  Thus, unless there was an error in the written judgement that departs from the Court's oral sentencing pronouncement, a "claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed. R. Crim. P. 36."  United States v. Mares, 868 F.2d 151, 151 (5th Cir. 1989).  In other words, if the true complaint in a motion styled under Rule 36 is actually an attack on the execution or imposition of the sentence itself, Defendant must proceed via a petition for habeas corpus under 28 U.S.C. § 2255.  Id.

In support of his Rule 36 Motion, Defendant alleges the following, inter alia: 1) that "[p]ursuant to Defendant's Plea Agreement, the Government agreed that it would not oppose this Court's recommendantion [sic] to the United States Bureau of Prisons that the Defendant be given credit for time served from Jan. 24, 2000 to Oct. 25, 2000"; 2) that Defendant's Presentence Report ("PSR") contained the recommendation "that Defendant's undischarged term of state imprisonment be credited to Defendant"; 3) that the issue of credit for time served was not addressed at Defendant's sentencing hearing; and 4) that the Court's judgment was "silent regarding whether the Defendant was to receive credit for time served." Defendant's Rule 36 Motion at 1-2.

As a threshold matter, there is no merit to Defendant's claim that, pursuant to Defendant's Plea Agreement, the Government agreed that it would not oppose a recommendation by the Court to the Bureau of Prisons that the Defendant be given credit for time served. Indeed, the Plea Agreement contains no provision, language, or suggestion that the Government was making any representations of the kind, nor would any such representations, whether in the Plea Agreement or from ancillary negotiations, have any bearing upon Defendant's sentence or the manner in which it was to be determined. Indeed, the Plea Agreement acknowledges that Defendant's sentence is solely within the Court's discretion, that the Court had not yet determined what sentence would be appropriate, and that the Government was making no promises or representations concerning Defendant's sentence. Plea Agreement at 2-3.

Defendant's PSR did address Defendant's eligibility to receive credit for time served in state custody on the Habitual Offender conviction pursuant to U.S.S.G. § 5G1.3(b). Section 5G1.3(b) addresses the imposition of a sentence on a defendant subject to an undischarged term

3

of imprisonment that is related to the instant offense, and provides that the court "shall" adjust the sentence for any period of imprisonment already served and impose the sentence to run concurrent with the undischarged term of imprisonment. § 5G1.3(b)(I) and (II). The PSR calculated Defendant's undischarged term of state custody from March 14, 2000, and recommended that Defendant be given seven (7) months credit for the time he had already served in state custody.

Defendant's claim that the written sentencing judgment was "silent" regarding credit for time served is completely false. The Court sentenced Defendant to 255 months imprisonment to run concurrent with his undischarged term of incarceration for his state Habitual Offender conviction. The sentence of the 255 months imprisonment reflects the seven (7) month reduction from Defendant's guideline range as credit for the time Defendant had already served for the Habitual Offender conviction.[1] In addition, the written sentencing judgment states that Defendant "has been credited, for Guideline Purposes Under 5G1.3(b), with the seven (7) months served in state custody that will not be credited to the instant federal offense." By applying a seven (7) month reduction in his sentence, the Court's written judgment clearly reflects that the sentence was imposed pursuant to § 5G1.3(b), and also states that the sentence "is not a departure from the guideline range."

In requesting credit for time served from January 24, 2000, Defendant implicitly contends that he began serving time for his state Habitual Offender conviction from that date, and not the date of March 14, 2000. Based upon an independent investigation, there appears to

---

[1] According to § 4B1.1 of the United States Sentencing Guidelines, Defendant was a Career Offender, due to his history of drug-related convictions. As a result, his base offense level for Count One was increased from 29 to 37. Defendant received a three-point reduction for acceptance of responsibility pursuant to § 3E1.1, making his total offense level 34, and giving him a guideline range of 262 to 327 months. Apply § 5G1.3(b) worked to reduce his range by 7 months, arriving at a guideline of 255 months imprisonment. The Court's judgment reflects this calculation.

be some merit to Defendant's claim that his term of imprisonment for the Habitual Offender predated March 14, 2000, but actually began on January 14, 2000, resulting in an approximate two-month discrepancy in his ultimate sentence. However, the evidence does not appear in the record before the Court, and there is no evidence that reveals that the discrepancy resulted from a "clerical" error. The Court's written judgment of 255 months imprisonment reflects the Court's oral pronouncement at Defendant's sentencing hearing and also reflects that Defendant would be given credit for time served in state custody. Thus, Defendant's claim that he should have received an additional two months credit challenges the execution of his sentence. The proper procedural format to raise such a claim is pursuant to a petition under 28 U.S.C. § 2255.

The Court notes that in Defendant's Plea Agreement, Defendant waived his "right to challenge the conviction, or the sentence or the manner in which it was determined in any collateral attack, including a motion brought under Title 28, United States Code, Section 2255." Plea Agreement at 3. Defendant is **ADVISED** that in order to proceed under § 2255, he must obtain a certificate of appealability from the Fourth Circuit since he waived his right to proceed under § 2255, and because the limitations period within which to file such a petition has expired pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). See Pub. L. No. 104-132, § 105, 110 Stat. 1214, 1220. Based upon what may be a two-months discrepancy in the Defendant's sentence, if the Defendant were to move for a certificate of appealability, the Court will certify the motion to the Fourth Circuit, notwithstanding the Defendant's § 2255 waiver and the time limitations. However, only the Fourth Circuit has the power to grant a certificate of appealability, and the Court has no power to grant the relief Defendant seeks under § 2255 without the issuance of such certificate.

### III. MOTION TO REDUCE SENTENCE PURSUANT TO § 3582(c)(2)

5

In his Motion to Reduce the Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Defendant claims that his guideline range has been reduced by Amendment 660 to the Sentencing Guidelines. Section 3582(c)(2) authorizes a "district court to reduce the sentence imposed on a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Goines, 357 F.3d 469, 473 (4th Cir. 2004). Defendant requests the Court to retroactively apply Amendment 660 to United States Sentencing Guideline §1B1.10(c), and reduce his sentence from 262 months to 206 months incarceration. Def.'s § 3582 Motion at 1.

According to Application Note 1 to § 1B1.10(c), "eligibility for consideration under [] § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range. Thus, in order to apply an amendment to the Guidelines retroactively, the amendment must be identified as retroactive in § 1B1.10(c). In his Memorandum in Support of the Motion to Reduce Sentence, Defendant argues that § 1B1.10(c) lists amendment 660; however, it simply does not. Therefore, the Court's limited authority to reduce a sentence pursuant to § 3582(c)(2) is not triggered in this case, rendering the Motion to Reduce the Sentence Pursuant to 18 U.S.C. § 3582(c)(2) meritless.

### IV. Conclusion

For the reasons stated herein, Defendant's Motions to Correct the Sentence Pursuant to Federal Rule of Criminal Procedure 36, and to Reduce the Sentence Pursuant to 18 U.S.C. § 3582(c)(2) are **DENIED**.

Defendant is **ADVISED** that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United

States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.  If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this Order to Defendant and all counsel of record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
UNITED STATES SENIOR DISTRICT JUDGE

Norfolk, Virginia
July 20, 2006